## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARY DAVIS-WILLIAMS** | * | Case No. |
| 10 Hyde Place | | |
| Toledo, Ohio   43610 | * | Judge |
| | | |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| v. | | |
| | * | |
| **AOM HEALTHCARE, LLC aka** | | Francis J. Landry   (0006072) |
| **and/or dba CONCORD CARE** | * | **WASSERMAN, BRYAN, LANDRY** |
| **AND REHABILITIATION** | | **& HONOLD LLP** |
| **CENTER OF TOLEDO fdba THE** | * | 1090 W. South Boundary St |
| **VISTA AT CONCORD CARE** | | Suite 500 |
| **CENTER OF TOLEDO** | * | Perrysburg, Ohio 43551 |
| 3121 Glanzman Road | | Telephone:  (419) 243-1239 |
| Toledo, Ohio  43614 | * | Facsimile: (419) 243-2719 |
| | | Flandry308@aol.com |
| | * | Attorney for Plaintiff |
| Defendant. | | Mary Davis-Williams |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

### JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 42 U.S.C. Sections 2000e et seq., known as the Civil Rights Act of 1964. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of race, charge number 22A-2023-00628C,  attached hereto as Exhibit A and incorporated by reference as

1

if fully restated herein. On August 14, 2023, the district director of the EEOC notified Plaintiff of her right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. Plaintiff also brings a claim of racial discrimination under 42 U.S.C. Section 1981 known as the Civil Rights Act of 1866, 1871. This is also an action under the Family and Medical Leave Act, 29 U.S.C. Sections 2601, et seq. for interference with FMLA rights and for FMLA discrimination and retaliation. This Court's supplemental jurisdiction is also invoked over state law claims of racial discrimination in violation of the law of the State of Ohio. On June 1, 2023, the regional director of the OCRC notified Plaintiff of her right to file suit, attached hereto as Exhibit C.

## PARTIES

2.      Plaintiff, Mary Davis-Williams, is a citizen of the United States and a resident of the City of Toledo, State of Ohio, who has been employed with Defendant from 2018 until her termination on April 1, 2022. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act, the FMLA and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than fifty (50) employees. Plaintiff also worked  over one year for Defendant had had worked over 1000 hours in the year preceding her taking of FMLA leave.

3.      Defendant is an Ohio Limited Liability Corporation  which operate skilled nursing homes with a place of business in the City of Toledo, State of Ohio.  Defendant at all times had more than fifty (50)  employees is also an employer within the meaning of  the FMLA, Title VII of the Civil Rights Act and Ohio Revised Code Chapter 4112. Defendant is a successor to The Vista at Concord Care Center of Toledo.

## GENERAL ALLEGATIONS

2

4.      Plaintiff was employed by Defendant from 2018 until her termination on April 1, 2022.

5.      Plaintiff is an African American individual.

6.      Plaintiff was employed most recently as a Staffing Coordinator.

7.      Plaintiff was well qualified for his position by virtue of her education and experience and performed her job duties well.

8.      On April 1, 2022, Plaintiff was suddenly terminated by Defendant.

9.      Plaintiff was terminated allegedly because she took a break and did not clock out. In fact, she had a doctor's appointment after her surgery and she forgot to clock out.

10.     In fact, Plaintiff had an edit slip in her possession to correct the clock entry which involved only a small amount of time. Use of edit slips was the standard practice.

11.      In March of 2022, Plaintiff was off on Family and Medical Leave for two surgical procedures. She was also required to go to a number of doctor's appointments. Plaintiff always provided doctor's notes covering her time off.

12.      Plaintiff states that she questioned her employer's hiring back an employee who had been terminated for using a racial epithet on the job.

## FIRST CLAIM FOR RELIEF
### Title VII, Civil Rights Act, Racial Discrimination

13.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint, supra, by reference in its entirety as if fully restated herein.

14.     Plaintiff is an African American individual and was employed by Defendant.

15.     Plaintiff was well qualified for her position, and performed her job well. At the time of her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.

16.     Plaintiff was terminated, and was treated differently than non-African-American employees. Non-African-American employees were not terminated for the same reasons for which Plaintiff allegedly was terminated.

17.     On April 1, 2022, Plaintiff was suddenly terminated by Defendant.

18.     Plaintiff was terminated allegedly because she took a break and did not clock out. In fact, she had a doctor's appointment after her surgery and she forgot to clock out. The reason advanced by Defendant was false and pretextual.

19.     In fact, Plaintiff had an edit slip in her possession to correct the clock entry which involved only a small amount of time. Use of edit slips was the standard practice.

20.    In March of 2022, Plaintiff was off on Family and Medical Leave for two surgical procedures. She was also required to go to a number of doctor's appointments. Plaintiff always provided doctor's notes covering her time off.

21.      Plaintiff states that she questioned her employer's hiring back an employee who had been terminated for using a racial epithet on the job.

22.      In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of 42 U.S.C. Section 2000e et seq.

23.      As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Ohio Revised Code Section 4112.02, and 4112.051 and 4112.052, Racial Discrimination**

24. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-three (23) of this Complaint, supra, by reference in its entirety as if fully restated herein.

25. Plaintiff is an African American individual and was employed by Defendant.

26. Plaintiff was well qualified for her position, and performed her job well. At the time of her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.

27. Plaintiff was terminated, and was treated differently than non-African-American employees. Non-African-American employees were not terminated for the same reasons for which Plaintiff allegedly was terminated.

28. On April 1, 2022, Plaintiff was suddenly terminated by Defendant.

29. Plaintiff was terminated allegedly because she took a break and did not clock out. In fact, she had a doctor's appointment after her surgery and she forgot to clock out. The reason advanced by Defendant was false and pretextual.

30. In fact, Plaintiff had an edit slip in her possession to correct the clock entry which involved only a small amount of time. Use of edit slips was the standard practice.

31. In March of 2022, Plaintiff was off on Family and Medical Leave for two surgical procedures. She was also required to go to a number of doctor's appointments. Plaintiff always provided doctor's notes covering her time off.

32. Plaintiff states that she questioned her employer's hiring back an employee who had been terminated for using a racial epithet on the job.

33.    In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Sections 4112.051 and 4112.052.

34.    As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. Section 1981 Racial Discrimination**

35.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-four (34) of this Complaint, supra, by reference in its entirety as if fully restated herein.

36.    Plaintiff is an African American individual and was employed by Defendant.

37.    Plaintiff was well qualified for her position, and performed her job well. At the time of her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.

38.    Plaintiff was terminated, and was treated differently than non-African-American employees. Non-African-American employees were not terminated for the same reasons for which Plaintiff allegedly was terminated.

39.    On April 1, 2022, Plaintiff was suddenly terminated by Defendant.

40.    Plaintiff was terminated allegedly because she took a break and did not clock out. In fact, she had a doctor's appointment after her surgery and she forgot to clock out. The reason advanced by Defendant was false and pretextual.

6

41.    In fact, Plaintiff had an edit slip in her possession to correct the clock entry which involved only a small amount of time. Use of edit slips was the standard practice.

42.    In March of 2022, Plaintiff was off on Family and Medical Leave for two surgical procedures. She was also required to go to a number of doctor's appointments. Plaintiff always provided doctor's notes covering her time off.

43.    Plaintiff states that she questioned her employer's hiring back an employee who had been terminated for using a racial epithet on the job.

44.    In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of 42 U.S.C. Section 1981.

45.    As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### 29 U.S.C. Sections 2601, et seq. Family  and Medical Leave Act

46.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-five (45) of this Complaint, supra, by reference in its entirety as if fully restated herein.

47.    In March of 2022, Plaintiff was off on Family and Medical Leave due to serious health conditions that required surgeries and a number of doctor's appointments. The Defendant had approved this leave despite taking an inordinate amount of time to do so.

48.    On April 1, 2022, Plaintiff was suddenly terminated by Defendant.

7

49.     Plaintiff was terminated allegedly because she took a break and did not clock out. In fact, she had a doctor's appointment after her surgery and she forgot to clock out. The reason advanced by Defendant was false and pretextual.

50.     In fact, Plaintiff had an edit slip in her possession to correct the clock entry which involved only a small amount of time. Use of edit slips was the standard practice.

51.     In March of 2022, Plaintiff was off on Family and Medical Leave for two surgical procedures. She was also required to go to a number of doctor's appointments. Plaintiff always provided doctor's notes covering her time off.

52.     In terminating her employment, the Defendant interfered with Plaintiff's FMLA entitlements and retaliated against her and discriminated against because of her use of Family and Medical Leave. This termination was in wilful violation of the Family and Medical Leave Act, 26 U.S.C. Sections 2615 and 2617.

53.     As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff seeks reinstatement to her position along with back pay and benefits or for front pay in lieu of reinstatement. Plaintiff further demands judgment against Defendant for lost back and front wages, compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney's fees.  Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and

attorney's fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

**s/Francis J. Landry**
Francis J. Landry
Attorney for Plaintiff, Mary Davis-Williams

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry

9